**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DE SAPIO PROPERTIES #SIX, INC., et al.,

        Plaintiffs,

v.

ALEXANDRIA TOWNSHIP, et al.,

        Defendants.

Civil Action No. 16-5770 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on two Motions to Dismiss. The first Motion was filed by Defendants Alexandria Township (the "Township"), R. Christian Pfefferle ("Pfefferle"), individually and in his official capacity as Mayor, Paul Abraham ("Abraham"), individually and in his official capacity as Committeeman, Michele Bobrowski ("Bobrowski"), individually and in her official capacity as Township Clerk, Mike Mullin ("Mullin"), individually and in his official capacity as Zoning Officer, and Mark Farneski ("Farneski"), individually and in his official capacity as Construction Official (collectively, the "Township Defendants"), seeking dismissal of Plaintiffs' Complaint as to the Township Defendants. (ECF No. 2.) Plaintiffs De Sapio Properties #Six, Inc. ("De Sapio") and Delaware River Tubing, Inc. ("DRT") (collectively, "Plaintiffs") filed opposition (ECF No. 4), and the Township Defendants replied (ECF No. 7).

    The second Motion was filed by Defendants New Jersey State Police ("NJSP") Staff Sergeant ("SSGT.") J.C. Russalesi, NJSP SSGT. J.S. Kuchowski, NJSP Sergeant ("SGT.") E.F.

McNeel, NJSP DSG.[1] M.B. Gramiccioni, NJSP Trooper ("TPR.") S. Chen, NJSP TPR. A.A. Rosario, NJSP TPR. C.M. Kichura, NJSP TPR. Steven Keller, and NJSP TPR. R.W. Reese (collectively, the "NJSP Defendants") (the NJSP Defendants and the Township Defendants are collectively, "Defendants"), seeking dismissal of Plaintiffs' Complaint as to the NJSP Defendants. (ECF No. 8.) Plaintiffs filed opposition (ECF No. 10), and the NJSP Defendants replied (ECF No. 11). Additionally, the Township Defendants filed correspondence responding to Plaintiffs' opposition to the NJSP Defendants' Motion to Dismiss. (ECF No. 12.)

The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants' Motions to Dismiss are GRANTED without prejudice.

I. **Background**

De Sapio is the owner of real property—Block 17.01 Lot 12 (the "Site")—in Alexandria Township, New Jersey, which consists of an existing multi-use commercial building with retail space. (Notice of Removal, Ex. A, Compl. ¶¶ 1, 3, ECF No. 1-2.) As of August 2015, De Sapio had obtained zoning approvals for a formal site plan dated February 6, 1985, regarding multiple retail uses in the commercial building. (*Id.* ¶ 3.) In early August 2015, De Sapio leased space in its commercial building to DRT for DRT to operate a "retail tubing and kayak rental and sales business." (*Id.* ¶ 4.)

Some time prior to August 2, 2015, Mullin—a zoning officer—without having visited the Site or having examined DRT's planned operations, communicated to Plaintiffs that DRT could not open its business. (*Id.* ¶ 10.) De Sapio requested a meeting to discuss DRT's planned business

---

[1] Based on the Court's review of the Complaint and the parties' submissions, the Court was unable to determine the unabbreviated version of "DSG."

2

operations and to explain that permits were not required for DRT's intended use. (*Id.* ¶ 11.) Without providing any reasons, Mullin refused and stated that "DRT was intending to operate a bus depot and not a retail use." (*Id.*) Mullin and the Township subsequently refused additional requests for a meeting. (*Id.* ¶¶ 12-14.)

On August 7, 2015,[2] Plaintiffs sent correspondence to the Township, informing the Township that DRT could no longer delay its opening, given that it could lawfully operate its business without having to obtain a permit. (*Id.* ¶ 15.) The Township responded that Plaintiffs should file an application for a zoning permit and that a zoning officer would meet with Plaintiffs on August 13, 2015. (*Id.* ¶ 16.) Without any further discussions, Mullin arrived to the August 13, 2015 meeting with a pre-written denial of Plaintiffs' application and refused to discuss the determination. (*Id.* ¶ 16.)

In the meantime, beginning on the first day DRT opened for business, and everyday thereafter, various NJSP Defendants served municipal court summonses on DRT for violation of the Township's zoning ordinance. (*Id.* ¶¶ 25, 33.) The summonses were issued without the Township's authorization, and Mullin, Abraham, and Pfefferle failed to address the procedural defects despite being aware that the Township had not authorized the summonses to issue. (*Id.* ¶¶ 26-28.) Specifically, Plaintiffs assert that Bobrowski—without any authority to do so—directed the NJSP Defendants to issue the summonses and that the NJSP Defendants had no basis for

---

[2] The Complaint and Plaintiffs' submissions inconsistently allege both 2015 and 2016 as the timing for these events. (*See, e.g.*, Compl. ¶ 14, 16, 25; Pls.' Opp'n to Twp. Defs. 2-4, ECF No. 4; Pls.' Opp'n to NJSP Defs. 2-4, ECF No. 10.) Based on the Court's review of the Complaint and the parties' submissions, it seems Plaintiffs intended to allege that these events occurred in 2015. The chronology, however, does not impact the Court's decision and Plaintiffs may clarify if they choose to file an amended complaint pursuant to the Court's accompanying Order.

3

issuing the summonses. (*Id.* ¶¶ 34, 35, 46-47.) Additionally, the Township Defendants made derogatory and inaccurate statements about Plaintiffs in an executive session. (*Id.* ¶ 62.)

Subsequently, in or around July 2016, Bobrowski directed Farneski to inspect the Site and issue a citation against Plaintiffs and a stop work order regarding minor renovation performed by DRT concerning a non-bearing wall. (*Id.* ¶¶ 39-40.) According to Plaintiffs, Farneski's "actions and determination were wrong." (*Id.* ¶ 42.)

Due to Defendants' actions, DRT was forced to delay its opening from the end of May 2016 until the middle of July 2016. (*Id.* ¶ 52.) As a result, DRT "lost business and income as a result of being denied the opportunity to open in May 2016." (*Id.* ¶ 53.)

On July 21, 2016, in a complaint filed by Plaintiffs in lieu of prerogative writs,[3] the Superior Court of New Jersey issued a decision, applying the relevant zoning laws to Plaintiffs. (*Id.* ¶ 18.) There, the court entered judgment in favor of Plaintiffs, reversing the Township's zoning determination and approving Plaintiffs' zoning permit application. (Notice of Removal, Ex. B, N.J. Super. Ct.'s Order, ECF No. 1-2.)

Following the state court's order, Plaintiffs filed the instant nine-count action against Defendants. The Court notes, however, that the Complaint is pled in a disorganized fashion, making it difficult for the Court to discern the distinct causes of action Plaintiffs intended to bring. Accordingly, the Court interprets the Complaint as pleading the following causes of action: (1) violation of substantive due process under the Federal (pursuant to 42 U.S.C. § 1983) and New Jersey Constitutions; (2) violation of procedural due process under the Federal (pursuant to 42 U.S.C. § 1983) and New Jersey Constitutions; (3) conspiracy to interfere with civil rights pursuant

---

[3] *De Sapio Props. #Six, Inc., et al. v. Alexandria Twp. Bd. of Adjustment*, No. L-16-16 (N.J. Super. Ct. Law Div. Aug. 9, 2016).

4

to 42 U.S.C. § 1985; (4) vicarious liability attributable to the Township; and (5) miscellaneous state law claims, which the Court finds indiscernible based on Plaintiffs' vague pleadings.

II. **Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

When considering a Rule 12(b)(6) motion, the Court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the [C]ourt must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (second alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The Court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the Court is free to ignore legal conclusions or factually unsupported accusations, which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, the Court must next "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

5

Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). In the end, facts which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

### III. Parties' Positions

First, Defendants argue that Plaintiffs' procedural due process claims pursuant to Section 1983 and the New Jersey Constitution should be dismissed because Plaintiffs were provided sufficient post-deprivation remedies. (Twp. Defs.' Moving Br. 6, ECF No. 2-1; NJSP Defs.' Moving Br. 10, ECF No. 8-1.) Defendants assert that New Jersey's remedy for errors in municipal determinations via actions in lieu of prerogative writs have been held to be sufficient for the purposes of procedural due process. (Twp. Defs.' Moving Br. 6-8; NJSP Defs.' Moving Br. 10-13.)

With regard to Plaintiffs' substantive due process claims pursuant to Section 1983 and the New Jersey Constitution, Defendants argue that Plaintiffs have failed to sufficiently plead conduct that "shocks the conscience" as required for a valid claim. (Twp. Defs.' Moving Br. 8-10; NJSP Defs.' Moving Br. 5-10.) Defendants assert that errors in interpreting zoning laws do not rise to violations of substantive due process unless the zoning determination is arbitrary, capricious, or irrational. (Twp. Defs.' Moving Br. 10; NJSP Defs.' Moving Br. 6, 8.) Moreover, the NJSP Defendants argue that Plaintiffs must plead that Defendants grossly abused their authority and that Defendants were self-dealing or otherwise corrupt. (NJSP Defs.' Moving Br. 7-8.)

According to the Township Defendants, because Plaintiffs' procedural and substantive due process allegations should be dismissed, Plaintiffs' conspiracy claim under Section 1985 should also be dismissed absent a viable underlying constitutional violation. (Twp. Defs.' Moving Br. 11-12.) Additionally, the NJSP Defendants assert that Plaintiffs have failed to sufficiently plead facts satisfying the elements of a valid conspiracy claim. (NJSP Defs.' Moving Br. 13-16.) Finally, the Township Defendants argue that in light of the necessary dismissal of Plaintiffs' due process and conspiracy claims, Plaintiffs' claim for vicarious liability should be dismissed absent a viable underlying cause of action and the Court should additionally decline to exercise supplemental jurisdiction on Plaintiffs' miscellaneous state law claims. (Twp. Defs.' Moving Br. 10-13.)

With regard to Plaintiffs' procedural due process claims, Plaintiffs respond that they sufficiently plead Defendants' abuse of process, which, in turn, constitutes a denial of procedural due process. (Pls.' Opp'n to Twp. Defs. 21-22, ECF No. 4; Pls.' Opp'n to NJSP Defs. 16-17, ECF No. 10.) Plaintiffs further argue that the Township Defendants' denials of Plaintiffs' requests for meetings also constitute violations of procedural due process (Pls.' Opp'n to Twp. Defs. 22-24), and that the complaints filed by the NJSP Defendants without the Township's authorization constitute malicious abuse of process (Pls.' Opp'n to NJSP Defs. 17-19).

In connection with Plaintiffs' substantive due process claims, Plaintiffs argue that the Complaint sufficiently pleads an arbitrary zoning determination driven by Defendants' improper motives. (Pls.' Opp'n to Twp. Defs. 16-17; Pls.' Opp'n to NJSP Defs. 11-13.) Plaintiffs assert that their Complaint should survive Defendants' Motions to Dismiss because whether conduct "shocks the conscience" is a fact-sensitive inquiry, and the Complaint sufficiently pleads

7

intentional misconduct by Defendants. (Pls.' Opp'n to Twp. Defs. 17-20; Pls.' Opp'n to NJSP Defs. 14-15.)

With regard to Plaintiffs' claims of conspiracy, pursuant to Section 1985, Plaintiffs concede that their Complaint fails to plead a valid claim, and contend that their allegations of conspiracy are part of their Section 1983 claims. (Pls.' Opp'n to NJSP Defs. 20.) Finally, in connection with Plaintiffs' state law claims, Plaintiffs argue, *inter alia*, that Defendants' request that the Court decline to exercise supplemental jurisdiction upon dismissal of the federal claims is improper at the motion-to-dismiss stage. (Pls.' Opp'n to Twp. Defs. 25.)

IV. **Discussion**

A. **42 U.S.C. § 1983: Procedural Due Process**

To determine whether a plaintiff pleads a valid procedural due process claim, the Court must engage in a two-part inquiry: "(1) whether the plaintiff has a property interest protected by procedural due process[;] and (2) what procedures constitute due process of law." *Pioneer Aggregates, Inc. v. Pa. Dep't of Envtl. Prot.*, 540 F. App'x 118, 126 (3d Cir. 2013) (quoting *Schmidt v. Creedon*, 639 F.3d 587, 595 (3d Cir. 2011)). In considering the procedures that constitute due process of law, a pre-deprivation hearing is not always required. *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Accordingly, the Third Circuit has held that "[a] state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a government body, whether or not the plaintiff avails himself or herself of the provided appeal mechanism." *Mendoza v. Larotonda*, 270 F. App'x 157, 158-59 (3d Cir. 2008) (citing *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 597 (3d Cir. 1995), *overruled on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003)).

Moreover, this District has determined that "[t]he State of New Jersey provides a full judicial mechanism for challenging adverse zoning decisions" that is sufficient for purposes of procedural due process. *John E. Long, Inc. v. Borough of Ringwood*, 61 F. Supp. 2d 273, 279 (D.N.J. 1998). Specifically, the Zoning Board of Adjustment possesses "the power to decide appeals of the zoning officer's enforcement of a municipality's zoning ordinance and to decide requests for an interpretation of the zoning law," and, "pursuant to Rule 4:69-1 et seq. of the New Jersey Court Rules, [a plaintiff is] entitled to a review, a hearing, and relief by filing a complaint in the New Jersey Superior Court, Law Division, before the expiration of forty-five days from the time [the plaintiff] receive[s] notice that [its] application for rezoning ha[s] been denied." *1840 P. Cheeseman Rd., LLC v. Twp. of Gloucester Zoning Bd. of Adjustment*, No. 16-1680, 2016 WL 7325470, at *6 (D.N.J. Dec. 16, 2016) (quoting *John E. Long, Inc.*, 61 F. Supp. 2d at 278-79); *see also id.* at *2, 6 (dismissing procedural due process claim where the plaintiff alleged that the township deliberately misinterpreted a zoning law where the law actually permitted plaintiff's use).

Here, Plaintiffs fail to make any arguments or cite any authorities that reconcile Plaintiffs' position with the established precedent to the contrary. In other words, Plaintiffs fail to articulate any reason the Court should not evenhandedly apply the established precedent regarding the sufficiency of New Jersey's process for challenging zoning determinations for the purposes of procedural due process. The Court, therefore, grants Defendants' Motions to Dismiss as to Plaintiffs' procedural due process claims under 42 U.S.C. § 1983.

**B.    42 U.S.C. § 1983: Substantive Due Process**

"A substantive due process violation occurs if a government official engages in 'an abuse of executive power so clearly unjustified by *any* legitimate objective of law enforcement' that it is barred by the Fourteenth Amendment." *Button v. Snelson*, No. 16-1835, 2017 WL 543184, at *2

9

(3d Cir. Feb. 10, 2017) (quoting *City of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998)). To establish a valid substantive due process claim, a plaintiff must "prove that 'the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience.'" *Id.* (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)). "'[O]nly the most egregious official conduct' shocks the conscience." *Perano v. Twp. of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011) (quoting *United Artists Theatre Circuit, Inc.*, 316 F.3d at 400).

In the zoning context, "the [shocks the conscience] standard is sufficiently high to 'avoid converting federal courts into super zoning tribunals.'" *Id.* (quoting *Eichenlaub v. Twp. of Ind.*, 385 F.3d 274, 285 (3d Cir. 2004)). Even "inconsistent application of zoning requirements, unnecessary inspections, [and] delaying permits and approvals . . . . couch[ed] [in] complaints as abuses of legal authority, . . . do not rise to the level of substantive due process violations." *Id.* (citing *Eichenlaub*, 385 F.3d at 286). While substantive due process claims can "var[y] depending on the factual context," courts have consistently dismissed claims that do "not rise sufficiently above that at issue in a normal zoning dispute to pass the 'shocks the conscience test.'" *Tucker Indus. Liquid Coatings, Inc. v. Borough of E. Berlin*, 656 F. App'x 1, 6 (3d Cir. 2016) (quoting *Eichenlaub*, 385 F.3d at 285-86). Here, the Complaint merely pleads a normal zoning dispute, despite Plaintiffs' attempt to characterize the alleged violations as abuses of authority by setting forth conclusory allegations of malicious intent and conspiracy. Accordingly, the Court grants Defendants' Motions to Dismiss as to Plaintiffs' substantive due process claims under 42 U.S.C. § 1983.

C.     **42 U.S.C. § 1985: Conspiracy to Interfere with Civil Rights**

In light of Plaintiffs' concession that they are not pursuing a claim under 42 U.S.C. § 1985, the Court grants Defendants' Motions to Dismiss as to Plaintiffs' conspiracy claim under Section 1985. (*See* Pls.' Opp'n to NJSP Defs. 20 (stating "Plaintiffs accept the argument that a Section 1985 conspiracy is not implicated in this case[,] [and] Plaintiffs agree that they make no such allegations).)

D.     **Vicarious Liability**

As Plaintiffs have failed to plead a federal constitutional claim, the Complaint similarly fails to sufficiently plead vicarious liability of the municipality pursuant to 42 U.S.C. § 1983. Moreover, "liability [under Section 1983] cannot be predicated solely on the operation of *respondeat superior*." *Batts v. Giorla*, 550 F. App'x 110, 113 (3d Cir. 2013) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). The Court, therefore, grants the Township Defendants' Motion as to vicarious liability under 42 U.S.C. § 1983.

E.     **State Constitutional and State Law Claims**

As the Court has granted Defendants' Motions to Dismiss with regard to all of Plaintiffs' federal claims, the Court dismisses Plaintiffs' remaining pendent state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). The Court, therefore, grants Defendants' Motions to Dismiss as to Plaintiffs' remaining state constitutional and other miscellaneous state law claims.

V.     **Conclusion**

For the reasons set forth above, the Court GRANTS Defendants' Motions to Dismiss without prejudice. Plaintiffs may file an amended complaint by **May 29, 2017**. If Plaintiffs do

not file an amended complaint by this deadline, the Court will dismiss Plaintiffs' action with prejudice. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** April 28, 2017